**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE DARDARIAN,<br>Individually and on behalf of all others<br>similarly situated,<br><br>              Plaintiff,<br>    v.<br><br>LA FLOR PRODUCTS COMPANY, INC.,<br><br>          Defendant. | CASE NO.:_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff, Denise Dardarian ("**Plaintiff**"), on behalf of herself and all others similarly situated, by her undersigned attorneys, against Defendant, La Flor Products Company, Inc. ("**Defendant**" or "**La Flor**"), alleges the following based upon personal knowledge as to herself and her own action, and, as to all other matters, allege, upon information and belief and investigation of her counsel, as follows:

### <u>INTRODUCTION</u>

1.     This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more spices manufactured by Defendant.[1]

2.     Defendant is one of the premier manufacturers of spices and seasonings in the United States.

---

[1] The purchased products include, but are not limited to: ground turmeric, and ground ginger (the "Spices" or "Products"). Plaintiff reserves the right to amend the class definition to include additional products.

3.    For over 50 years, Defendant has offered a diverse range of spices and seasonings.

4.    Defendant does not list heavy metals as an ingredient on the Spices' label nor do it warn of the potential presence of heavy metals in their Spices.

5.    Unbeknown to Plaintiff and members of the proposed Classes, and contrary to the representations on the Spices' label, the Products contain heavy metals, including arsenic, cadmium, and lead at levels abovfe what is considered safe for children and adults, which, if disclosed to Plaintiff and members of the proposed Classes prior to purchase, would have caused Plaintiff and members of the proposed Classes not to purchase or consume the Spices.

6.    As a result, the Spices' labeling is deceptive and misleading.

7.    Plaintiff and the members of the proposed Classes, as defined below, thus bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

**THE PARTIES**

8.    Plaintiff is a citizen of the State of California, residing in Ventura, California, and is a member of the proposed Classes defined herein. She purchased various spices, including but not limited to ground oregano in California on numerous occasions during the statutory period.

9.    Defendant La Flor Products Company, Inc., is a New York corporation with its principal place of business and headquarters at 25 Hoffman Ave Hauppauge, NY, 11788-4717. As such, Defendant is a resident and citizen of New York.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims

of the members of the proposed Classes exceed $5,000,000 and because Defendant is a citizen of a different state than most members of the proposed Classes.

11.     This Court has personal jurisdiction over Defendant because Defendant regularly sells and markets products and conducts business in this District and/or under the stream of commerce doctrine by allowing products to be sold in this District, including the Spices.

12.     Venue is proper in this Court because a substantial portion of the events complained of herein took place in this District, and this Court has jurisdiction over the Defendant because Defendant resides in this District.

## FACTUAL ALLEGATIONS

13.     Defendant manufactures, distributes, promotes, offers for sale, and sells the Spices, both in the past and currently. Defendant has advertised and continues to advertise the Products through television commercials, point-of-sale displays, product packaging, Internet advertisements, and other promotional materials.

14.     An investigation by known consumer-advocacy group Consumer Reports revealed that Spices manufactured by Defendant contains "potentially dangerous heavy metals:"[2]

> "Roughly one-third of the tested products, 40 in total, had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes. Most raised concern for adults, too."[3]

15.     Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy

---

[2] https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests (last accessed January 19, 2022)
[3] *Id.*

such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations and retarded development especially of the nervous system.[4]

16.     Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of exposure have been linked to damage to the central and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[5]

17.     EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[6]

18.     The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead]."[7]

## FED. R. CIV. P. 9(b) ALLEGATIONS

19.     Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

---

[4] *Id.*
[5] *See* https://www.cdc.gov/nceh/lead/prevention/pregnant.htm.
[6] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.
[7] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

20.     **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

21.     **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

22.     **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

23.     **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

24.     **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

25.     **WHY:** Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose

of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As

such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers

throughout the nation.

### CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action individually and on behalf of all other persons similarly

situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the

information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this

action and seeks certification of the following proposed Classes:

> **National Class**: All persons within the United States who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

> **California Sub-Class**: All persons in the State of California who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

27.     Excluded from the proposed Classes are the Defendant, and any entities in which

the Defendant has controlling interest, the Defendant's agents, employees and their legal

representatives, any Judge to whom this action is assigned and any member of such Judge's staff

and immediate family, and Plaintiff's counsel, their staff members, and their immediate family.

28.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

29.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the

Classes are so numerous that their individual joinder herein is impracticable. On information and

belief, members of the Classes number in the thousands to tens of thousands. The number of

members in the Classes is presently unknown to Plaintiff but may be verified by Defendant's

records. Members of the Classes may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

30.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Such common questions of law or fact include, but are not limited to, the following:

> a.   Whether the Spices contain dangerous levels of heavy metals;
>
> b.   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Spices are deceptive;
>
> c.   Whether Defendant's actions violate the state consumer fraud statutes invoked below;
>
> d.   Whether Defendant's actions constitute common law fraud;
>
> e.   Whether Plaintiff and Members of the Classes were damaged by Defendant's conduct;
>
> f.   Whether Defendant was unjustly enriched at the expense of Plaintiff and Class Members; and
>
> g.   Whether Plaintiff and Class Members are entitled to injunctive relief.

31.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiff are typical of the claims of other Members of the Classes. All Members of the Classes were comparably injured by Defendant's conduct described above, and there are no defenses available to Defendant that are unique to Plaintiff or any particular members of the Classes.

32.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests

of other Members of the Classes; she has retained class counsel competent to prosecute class actions and financially able to represent the Classes.

33.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole. In particular, Plaintiff seeks to certify the Classes to enjoin Defendant from selling or otherwise distributing spices until such time that Defendant can demonstrate to the Court's satisfaction that their spices are accurately labeled.

34.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other means of adjudication for this controversy. It would be impracticable for Members of the Classes to individually litigate their own claims against Defendant because the damages suffered by Plaintiff and the Members of the Classes are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT
**(On Behalf of the National Class)**

35.     Plaintiff, individually and on behalf of the National Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

36.     Plaintiff and the putative Class Members conferred a benefit on Defendant when they purchased the Spices, of which Defendant had knowledge. By their wrongful acts and omissions described herein, including selling the Spices, which contain heavy metals, including arsenic, cadmium, and lead at levels above what is considered safe for children and adults, Defendant was unjustly enriched at the expense of Plaintiff and the putative Class Members. Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

37.     Defendant has profited from their unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the Spices.

38.     Defendant have been unjustly enriched in retaining the revenues derived from the proposed Class Members' purchases of the Spices, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured defective Spices, and misrepresented the nature of the Spices, misrepresented their composition, and knowingly marketed and promoted dangerous and defective Spices, which caused injuries to Plaintiff and Members of the proposed Class because they would not have purchased the Spices based on the same representations if the true facts concerning the Spices had been known.

39.     Plaintiff and the putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have purchased the Spices on the same terms or for the same price had they known the true nature of the Spices and the misstatements regarding what the Spices were and what they contained.

40.     Plaintiff and the putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

41.     When required, Plaintiff and the putative Class Members are in privity with Defendant because Defendant's sale of the Spices was either direct or through authorized sellers. Purchasing through authorized sellers is sufficient to create such privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Spices.

42.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable and unlawful conduct.

**COUNT II**
**FRAUD**
**(On Behalf of the National Class)**

43.     Plaintiff, individually and on behalf of the National Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

44.     Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

- **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals.

Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

- **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

- **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

- **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

- **WHY:** Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

45.     As alleged herein, Defendant made these material representations and omissions in order to induce Plaintiff and Class Members to purchase the Spices.

46.     As alleged in detail herein, Defendant knew the misrepresentations and omissions regarding the Spices were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Spices' labeling. In reliance on these representations and omissions, Plaintiff and Class Members were induced to, and did, pay monies to purchase the Spices.

47.     Had Plaintiff and the Class known the truth about the Spices, they would not have purchased the Spices.

48.     As a proximate result of the fraudulent conduct of Defendant, Plaintiff and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

<u>**COUNT III**</u>
**California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")**
**(On Behalf of the California Sub-Class)**

49.     Plaintiff, individually and on behalf of the California Sub-Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

50.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

51.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

52.     Unlawful: The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

        a.   The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

    b.   The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

    c.   The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

    d.   The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

53.    Unfair: Defendant's conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

54.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

55.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

56.    Fraudulent: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

57.    As set forth herein, Defendant's material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, are likely to mislead reasonable consumers to believe the Spice do not contain heavy metals.

58.    Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

59.    Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information, in particular the material representations and/or omissions that the Spices do not contain heavy metals on the Product's packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

60.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

61.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

62.    Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

**COUNT IV**
**California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Sub-Class)**

63.    Plaintiff, individually and on behalf of the California Sub-Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

64.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

65.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Id.

66.     As alleged herein, Defendant committed acts of false and misleading advertising, as defined by the FAL, by using statements to promote the sale of the Products and making material representations and/or omissions that the Spices do not contain heavy metals. Defendant knew or should have known that its advertising claims have not been substantiated and are misleading and/or false.

67.     Defendant knew or should have known, through the exercise of reasonable care, that its material representations and/or omissions that the Spices do not contain heavy metals Representations were false and misleading and likely to deceive consumers and cause them to purchase the Spices.

68.     Defendant's wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated throughout the State of California and nationwide.

69.     Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Products in reliance on Defendant's false and misleading the material representations and/or omissions that the Spices do not contain heavy metals.

70.     Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

71.    Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

72.    As a result, Plaintiff, the California Sub-Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

73.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Sub-Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

**COUNT V**
**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of the California Sub-Class)**

74.    Plaintiff, individually and on behalf of the California Sub-Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

75.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

76.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

> a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;
>
> b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

77.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

78.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

79.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint or shortly thereafter with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices. If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

80.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, her reasonable attorney fees and costs, and any other relief that the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

A.  Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the Classes;

B.  Ordering Defendant to pay actual damages to Plaintiff and the other members of the Classes;

C.  Ordering Defendant to pay restitution to Plaintiff and the other members of the Classes;

D.  Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Classes;

E.  Ordering Defendant to pay statutory damages, as provided by the applicable state consumer protection statutes invoked herein, to Plaintiff and the other members of the Classes;

F.  Ordering Defendant to pay reasonable attorneys' fees and litigation costs to Plaintiff and the other members of the Classes, as allowable by law;

G.  Ordering Defendant to pay both pre- and post-judgment interest, as allowable by law, on any amounts awarded; and

H.  Ordering such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully requests leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated:  January 30, 2022                        Respectfully submitted,

                                                */s/ Jonathan Shub*
                                                Jonathan Shub
                                                Kevin Laukaitis*
                                                **SHUB LAW FIRM LLC**
                                                134 Kings Highway E., 2nd Floor
                                                Haddonfield, NJ 08033
                                                Tel: (856) 772-7200
                                                Fax: (856) 210-9088
                                                jshub@shublawyers.com
                                                klaukaitis@shublawyers.com

                                                Gary E. Mason
                                                **MASON LIETZ & KLINGER, LLP**
                                                5101 Wisconsin Avenue NW, Suite 305
                                                Washington, DC 20016
                                                Tel: 202-640-1168
                                                Fax: 202-429-2294
                                                gmason@masonllp.com

                                                Gary M. Klinger*
                                                **MASON LIETZ & KLINGER, LLP**
                                                227 W. Monroe Street, Suite 2100
                                                Chicago, Illinois 60606
                                                Tel: 202-640-1168
                                                Fax: 202-429-2294
                                                gklinger@masonllp.com

                                                *pro hac vice to be filed*

                                                *Attorneys for the Plaintiff and the Putative Classes*